2L 575.
8L 384

## C. H. LANCASTER *v.* THE STATE.

CRIMINAL LAW. *Drunkenness.* Upon a trial for murder in the first degree, or an assault with intent to commit murder in the first degree, it is error for the court to charge that drunkenness cannot be looked to by the jury unless it was sufficient to incapacitate the defendant for premeditation and deliberation. The drunkenness may not be so excessive as to render the defendant *incapable* of forming a deliberate purpose, but such as greatly excited him and produced a state of mind

Lancaster v. State.

unfavorable to deliberation and premeditation. In such trials drunkenness in any degree should be submitted to and considered by the jury.

FROM HENDERSON.

Appeal from the Circuit Court of Henderson county, T. P. BATEMAN, J.

E. L. BULLOCK for Lancaster.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

The defendant was convicted for assault with intent to commit murder in the first degree, and sentenced to fifteen years imprisonment in the penitentiary. He has appealed from the judgment, and assigns error in the charge of the court.

The evidence shows that the prisoner was under the influence of liquor when the offense was committed. The Circuit Judge charged the jury, "if defendant had been drinking, much or little, it would be a circumstance for the jury to look to for the purpose of ascertaining whether the defendant's mind was so influenced by liquor as to incapacitate him from forming a deliberate and premeditated design, that is, his mind was so much influenced by liquor as to be incapable of contemplating the result of his acts, and if this was the condition of his mind, he could not be convicted of an assault with intent to commit murder in the first degree; but if his mind was not in that condition, and was not so much influenced by liquor as

to prevent him from forming a deliberate and premeditated design, drunkenness would then be no excuse, and would not lessen the crime."

In *Swan* v. *The State*, 4 Hum., 136, Judge Reese, while very strongly stating the doctrine that "drunkenness is no excuse for crime," adds that "when the nature and essence of a crime is made by law to depend upon the peculiar state and condition of the criminal's mind at the time, and with reference to the act done, drunkenness, as a matter of fact, is a proper subject for consideration and inquiry by the jury. The question in such case is, what is the mental status? Is it one of self-possession, favorable to the formation of a fixed purpose by deliberation and premeditation, or did the act spring from existing passion, excited by inadequate provocation, it may be, on a peculiar temperament, or upon one already excited by ardent spirits?"

In 9 Hum., 663, the conviction was for murder in the second degree, and it was held that the drunkenness of the offender in the case of murder in the second degree, or manslaughter, can form no matter of legitimate inquiry, but that it is material where the inquiry is whether the acts were done with deliberation and premeditation. In the case of *Haile* v. *The State*, 11 Hum., 154, a charge very similar to the one in this case was held erroneous. The Circuit Judge had instructed the jury, "if defendant was so deeply intoxicated as to be incapable of forming in his mind a design deliberately and premeditatedly to

37—VOL. 2.

kill," this would reduce the killing to murder in the second degree.

Judge Green, in commenting on the opinion of Judge Reese in the case in 4 Hum., says, "the court intended to be understood as distinctly indicating that a degree of drunkenness by which the party was greatly excited, and which produced a state of mind unfavorable to deliberation and premeditation, although not so excessive as to render the party absolutely incapable of forming a deliberate purpose, might be taken into consideration by a jury in determining whether the killing were done with premeditation and deliberation." In that case, as in this, the Circuit Judge told the jury that intoxication could not thus reduce the offense, unless it existed to such degree as to render the offender absolutely incapable of forming such design.

All the cases cited hold that a drunken man may premeditate and deliberate, yet they hold that the evidence of the fact of intoxication is proper to go to the jury, when they are to find whether the act in question was done with deliberation and premeditation, and that the jury may determine whether the act is the result of deliberation and premeditation, or of passion aroused by inadequate provocation.

We are of opinion that the charge was erroneous in the particular indicated, and the judgment will be reversed.